21 F.3d 428
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David L. ROWE, Petitioner-Appellant,
v.
UNITED STATES BUREAU OF PRISONS; J.B. Bogan; U.S. Parole
Commission, Respondents-Appellees.
 No. 93-2254.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1994.
 
 Before: KENNEDY and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 David L. Rowe, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1976 Rowe was convicted of armed bank robbery and sentenced to ten years of imprisonment. In January 1980 the United States Parole Commission (USPC) released him on parole. While on parole, he pleaded guilty to interstate transportation of a stolen motor vehicle in federal court and was sentenced to three years of imprisonment. After completing this sentence, he began serving the unexpired portion of his original sentence and his effective parole date was set as December 7, 1983. Thereafter, Rowe escaped from a halfway house. In 1984, while an escapee, Rowe pleaded guilty in state court, to breaking and entering an occupied dwelling with intent to commit a larceny and was sentenced to ten to fifteen years of imprisonment. In May 1992, federal officials took custody of Rowe; and, the USPC rescinded Rowe's effective parole date of December 7, 1983, and returned him to prison to serve the remainder of his ten year sentence. The National Appeals Board affirmed this decision.
 
 
 3
 In his habeas petition, Rowe argues that: 1) the USPC violated its own procedures by failing to conduct a timely rescission hearing; 2) the USPC violated Rowe's due process rights during the rescission proceedings; and 3) the USPC should have given Rowe credit for the time he spent in state custody. The district court concluded that Rowe's claims were without merit and dismissed the petition. Rowe has filed a timely appeal.
 
 
 4
 Upon review, we affirm the district court's judgment because Rowe has not shown that the proceedings against him were unfair or that they resulted in his unjust confinement. Cf. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Rowe is not entitled to relief based on the alleged delay of a rescission hearing because he did not establish that he had been prejudiced by the delay. See Villarreal v. United States Parole Comm'n, 985 F.2d 835, 837 (5th Cir.1993). Rowe's due process rights were not violated under the facts of this case as such rights are not implicated until a prisoner is actually released on parole. See Morrissey v. Brewer, 408 U.S. 471, 479-82 (1972). In addition, Rowe is not entitled to credit for the time he served in state custody. See Meagher v. Clark, 943 F.2d 1277, 1282-83 (11th Cir.1991).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.